ROSARIO PUSATERI, Appellant, v. NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Respondent.

Supreme Court, Erie County, March 8, 1927.

Carriers — delay in shipment of grapes — plaintiff claimed railroad negligently delayed placing car of grapes on delivery track to plaintiff's damage — evidence of delay sufficient to require carrier to show excuse therefor — error to direct nonsuit.

In this action for damages for the alleged negligent delay by defendant railroad in placing a carload of grapes on the delivery track, it was error to direct a nonsuit, for plaintiff's evidence that defendant did not place the car on the delivery track until nine hours after its arrival, the usual time being one and and one-half hours, was sufficient proof of delay on defendant's part to require it to show something that would free it from liability.

APPEAL by the plaintiff from a judgment of the City Court of Buffalo rendered in favor of the defendant upon a motion for nonsuit.

*F. O. Bissell*, for the appellant.

*Locke, Babcock, Hollister & Brown* [*Hugh McM. Russ* of counsel], for the respondent.

NORTON, J.  The action is for damages for the alleged negligent delay of the defendant in handling a shipment of Malaga grapes from California to Buffalo.  These were shipped from California at two-thirty P. M., August 18, 1923, and were placed on the team track in Buffalo at seven-twenty A. M., August 28, 1923.  As the usual time for a shipment of this class of freight from California to Buffalo is ten days, the defendant claims that the nonsuit was properly granted.  The plaintiff, however, argues that the evidence shows that the shipment arrived at Buffalo Junction at ten-thirty-five P. M., on August twenty-seventh; that this is about one mile from the Louisiana street team track; that ordinarily it takes one and a half hours to move a car from the junction to the team track, while on this occasion it took nearly nine hours; that the car was placed at a point where it was inaccessible for at least two hours; that all of this prevented the plaintiff from removing the fruit from the car until after marketing hours of the day on which plaintiff claims it would have arrived in ample time for sale if the defendant had moved the freight with reasonable diligence and dispatch, and that he thereby sustained damage.

Under these circumstances it seems to the court that there was

sufficient proof of delay on defendant's part to require it to show legal excuse if it had one. (*Meany & Saisselin* v. *Erie R. Co.*, 173 N. Y. Supp. 96; *Rothenberg* v. *N. Y. Central R. Co.*, Erie Trial Term, Oct. 1926); and that it cannot be said, as matter of law, that the defendant exercised reasonable care at all times in the handling of this shipment. The nonsuit was, therefore, improperly granted.

New trial ordered, the costs to abide the event.